## LOSITO v KRUSE JR.

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 16743. Decided March 27, 1939

Copperman, DeBard & Greenwood, Cleveland, for plaintiff-appellant.

Quigley & Byrne, Cleveland, for defendant-appellee.

### OPINION

By TERRELL, PJ.

Plaintiff was a passenger in an automobile driven by the defendant, and claims to have been injured through the negligence of the defendant. Defendant, at that time, was operating said automobile as the servant of Schaefer Body Inc., within the scope of his employment. Plaintiff and Schaefer Body Inc., entered into a written agreement whereby Schaefer Body, Inc., paid to the plaintiff $225.00 as payment in part of his damages for which he covenanted not to sue Schaefer Body Inc., but reserved his rights to sue the defendant.

This presents the question whether a compromise settlement with a master for injuries caused by a servant within the scope of his employment, when the said settlement is for part of the damages only and not in full thereof, can be interposed by the servant as a defense in an action against him for said injuries.

Upon the opening statement of counsel for the plaintiff, setting forth the foregoing facts, the trial court granted defendant's motion for judgment. Plaintiff asks that this ruling and judgment be reversed.

Under the case of **Ellis v Bitzer, 2 Ohio 89**, a settlement with and release of one joint tort feasor likewise releases and discharges from all liability the other joint tort feasor, notwithstanding that the release agreement provided that it was not to operate as a satisfaction for the other joint tort feasors. This case was adhered to by the courts of this state since 1825, and followed in many other states until in 1919 the Supreme Court of Ohio disapproved of it and announced another doctrine in the case of **Adams Express Co. v Beckwith, 100 Oh St 348**. The fourth syllabus reads as follows:

"4. Such written release, whether it be a covenant not to sue, a covenant to cease suing, or a covenant in partial satisfaction does not inure to the benefit of any other person than those who are parties to such written release, save and except that it is a satisfaction pro tanto to the party wronged and to that extent works a discharge to all joint wrongdoers."

But it is argued that the master and servant, in cases where the master is liable only under the theory of respondeat superior, as in this case before us, are not joint wrongdoers and therefore the above case does not apply.

It is true that the Adams Express Company case above pertains to joint tort feasors, but that fact alone does not limit the doctrine there announced only to cases of joint tort feasors. Each joint tort feasor is liable to the wronged party to the full extent with the limitation that he can have only one complete satisfaction. The injured party, at his election, may seek redress from any one or any number or all of the joint tort feasors.

In the present case the master and servant are concurrent tort feasors. The master is liable to the full extent for the wrong done by the servant; the servant is likewise liable to the full extent for the wrong done. Between the master and servant the servant is primarily liable and the master secondarily liable. If the master is required to pay, he has an action over against the servant for recoupment. If the master voluntarily pays part of the damage done, by what rule of logic can the servant who is "primarily liable" be heard in complaint that part of his liability has been paid?

As stated in the Adams Express Company case above, on page 353:

"It is an old rule of law that any party charged with a liability however informally, or threatened with a suit at law, may buy his peace, may settle his own controversy, without waiting for a suit at law or the tral of a suit already begun, and that any such settlement made in good faith would be fully protected and operate as a release to the parties affected, according to its terms."

This language does not limit the application of the principle of law only to cases involving joint tort feasors but it applies likewise to parties who are concurrently liable to the same injured person. Sound reasoning would require such a conclusion. In the release itself it was definitely provided that the money paid was not in full satisfaction and the right to pursue this defendant was especially reserved to the plaintiff. Under any reasoning it seems clear to me that this agreement of release should not be extended beyond its terms so as to benefit this defendant other than in satisfaction pro tanto.

As stated on page 355 in the Adams Express Company case, in reversing the Bitzer case:

"Upon what principle the court took a contract between the parties which was in plain, definite and unambiguous terms and wrote into that contract not only what it did not contain but what the contract expressly said it should

not contain, is beyond understanding. It emphasizes the importance of a release without a complete satisfaction and extinguishes a right without such satisfaction.

"But courts have unfortunately too often not only disregarded the intention of the parties in such kinds of contracts, but have made new contracts for the parties squarely contrary to what the parties intended."

The obligation of the master and servant to the injured party in the present case is,

"to pay the damage done and the whole damage done, but to pay it but once and when that damage is once fully paid that is an end to the whole matter. But there is no reason why, unless all the parties agree, a partial satisfaction should be declared a full satisfaction." Page 354 Adams Express Co. case above.

In the present case, as stated before, the master is liable only on the theory of respondeat superior. The servant is primarily liable for the wrong done by his active participation in it. I can well see that if partial settlement herein had been made with the servant by reason of which he was released, the master might also be released but that would be on a different theory of law than heretofore discussed. If the master were sued to judgment and satisfaction he would have a right of action against the servant. The servant would then be required to pay although he had contracted with the plaintiff to be released. The plaintiff would, under these circumstances, indirectly accomplish a result against the servant which, under his contract, he could not do directly. Thus, an anomalous situation would be created which the courts would not countenance.

This theory is elucidated in the case of **Bello v City of Cleveland, 106 Oh St 94,** wherein two parties were "concurrent and related" tort feasors as distinguished from joint tort feasors. A property owner had negligently caused

a dangerous condition in the city sidewalk, as a result of which plaintiff was injured. The property owner would be liable for his negligence. The city would be liable under the statute for the nuisance. They would, however, not be liable as joint tort feasors. Plaintiff made a compromise settlement with the property owner and covenanted not to sue him. The court said on page 106:

"In such event, the covenant not to sue would become a farce, and the settlement would only aid in a recovery against the city, the burden of which would eventually have to be met by Bardons & Oliver (the property owner) notwithstanding the covenant designed for their protection and for which they had paid a substantial sum of money. Plaintiff could thereby accomplish indirectly and unjustly that which he could not in justice and good morals and in accordance with sound public policy accomplish directly."

We would therefore come to the conclusion that in the case of joint tort feasors a partial settlement with one with a covenant not to sue him does not release the other joint tort feasor. But in a case of concurrent and related tort feasors, where there is a right of action over of one secondarily liable against the one primarily liable, a partial settlement and release of the one secondarily liable with covenant not to sue, does not redound to the benefit of the one primarily liable.

The case of **Rodgers v Deitsche, 50 Oh Ap 326** seems to hold that the release of one of two concurrent and related tort feasors for partial settlement, with reservation of rights to sue the other tort feasors is no bar to a suit against the other tort feasors.

Counsel for the defendant cites **French v Central, 76 Oh St 509,** wherein it is announced that an action cannot be maintained jointly against master and servant in a case like the case at bar, and that the plaintiff may be required to elect against which he shall proceed. Counsel then argues that it follows that plaintiff cannot

have recovery against both. Counsel further argues that a judgment against either master or servant in favor of plaintiff is conclusive against plaintiff's right of action against the other. As applied to the case at bar, this contention of counsel for defendant can well be admitted provided that judgment has been satisfied.

In the case at bar, this question is not raised because there is no judgment against either master or servant in favor of the plaintiff.

Defendant's counsel cites Doremus v Root, 23 Wash. 710; 54 L. R. A. 649, which holds that in an action against a railroad company and its conductor, for injuries caused by the alleged negligence of the conductor, a verdict in favor of the conductor will preclude judgment against the railroad company. It is apparent that in an action against the servant where the active facts of the servant's negligence are considered, that a judgment holding that the servant did not negligently cause plaintiff's injuries would conclusively establish that plaintiff had no cause of action at all for said alleged injuries. The vicarious liability of the master is founded on the servant's negligence and if the servant is not negligent the master cannot be liable. On the other hand, if a judgment is rendered for the master, where the doctrine of respondeat superior applies, this would be a bar to an action against the servant because in such a case all the active facts to establish liability for the injuries would have to be considered. Counsel has reached the right conclusion but it does not apply to the case at bar. Here there is no adjudication in favor of either the master or the servant.

In the case of Doremus v Root, 23 Wash. 710; the Washington court quoted with approval on page 658 of 54 L. R. A. a decision by another court in a similar case, as follows:

"It would seem on general principles that if the party who actually caused the injury is free from all civil and criminal liability therefor, his employer must also be entitled to like immunity. If the immediate actor is free from responsibility because his act was lawful can his employer,—one taking no direct part in the transaction,—be held responsible?

"And it may be generally affirmed that, if an act of an employee be lawful, and one which he is justified in doing and which casts no personal responsibility on him, no responsibility attaches to the employer therefor."

This case is merely a reiteration of our reasoning set forth above. It does not apply to the facts in the case at bar. Here no settlement has been made with the servant and no judgment has been entered declaring the servant not liable.

The holdings of the courts would indicate that the contract of partial settlement with the party secondarily liable in this case should be honored and upheld for the benefit of the parties thereto, and to the extent stated therein, and to that extent only, and that it should not benefit the one primarily liable so as to be a bar to the suit against him.

It is therefore our conclusion that the judgment of the trial court should be reversed and the cause remanded for further proceedings according to law.

LEVINE, J., concurs in judgment.
LIEGHLEY, J., dissents.

### DISSENTING OPINION

By LIEGHLEY, J. (Dissenting).

The so-called rule of "covenant not to sue" applies to cases of concurrent negligence or cases of joint and several liability. There exists a cause of action against each and all or less than all joint tort feasors. The plaintiff may sue and make a pro tanto settlement with one or more and prosecute the others for such additional sum as amounts to full compensation.

In my opinion this rule does not apply to a case wherein the doctrine of respondeat superior must be invoked

to impose a liability upon another than the actual wrongdoer. In such case there is only one cause of action against either and not against both. The plaintiff may elect to pursue either but not both. He may not effect a settlement of a pending case against one wherein he procures all he is able to procure in satisfaction of the cause of action against this one and then bring an action against the other under the claim that he has had inadequate compensation.